UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY WILSON, | |
| Petitioner, | |
| -v.- | |
| JOHN/JANE DOE, | |
| Respondent. | |

21 Civ. 9619 (KPF) (JW)

**OPINION AND ORDER
ADOPTING REPORT AND
RECOMMENDATION**

KATHERINE POLK FAILLA, District Judge:

Petitioner Jeffrey Wilson ("Petitioner"), proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 19, 2021 (the "Petition"), against Respondent John/Jane Doe ("Respondent"), which the Court understood to be the Warden of the Fishkill Correctional Facility in which Petitioner was then incarcerated. (Dkt. #1).[1] On March 4, 2022, Respondent filed a motion to dismiss the Petition on the basis that Petitioner had failed to commence the proceeding within the one-year statute of limitations specified in 28 U.S.C. § 2244(d). (Dkt. #12 ("Motion to Dismiss")). Pursuant to a referral from this Court, United States Magistrate Judge Jennifer E. Willis issued a Report and Recommendation (the "Report," copy attached), recommending that Respondent's motion to dismiss be granted. (Dkt. #20).

---

[1]    The Court understands that subsequent to the filing of the Petition, Petitioner was released from custody, but remains on post-release supervision. (Dkt. #26). *See Spencer* v. *Kemna*, 523 U.S. 1, 7 (1998) (concluding that parolee's challenge to the validity of his conviction can be maintained if a "collateral consequence" of the conviction still exists); *Harnett* v. *Russell*, No. 22 Civ. 589 (HG), 2023 WL 392208, at *2 (E.D.N.Y. Jan. 25, 2023) ("A habeas petitioner has suffered an injury 'so long as the petitioner continues to be held in the custody that he alleges is unlawful,' including non-custodial restrictions on liberty, such as the restraints on liberty that accompany parole." (internal citations omitted)).

This Court has examined the Petition, the supporting and opposition motion papers, the Report, Petitioner's January 13, 2023 objections to the Report (Dkt. #23, 25 ("Objections")), and Respondent's response to Petitioner's Objections (Dkt. #27), and it concludes that the Report should be adopted in full. Accordingly, the Court grants Respondent's motion to dismiss the Petition.

## BACKGROUND

The relevant facts and procedural history underlying this action are set forth in the Report, and the Court assumes familiarity with them. Nonetheless, those facts relevant to the Court's instant Opinion are set forth herein, and they are drawn from the recitation of the facts in the Report (*see* Report 1-3), as well as from the public docket, the Petition, and the exhibits attached thereto.

Petitioner was convicted after a jury trial of Robbery in the First Degree and Assault in the First Degree on August 1, 2012. (Report 1). Judge Martin Marcus, a Justice of the New York State Supreme Court, Bronx County, presided over Petitioner's trial. (*Id.*). Prior to sentencing, Judge Marcus received a letter from Petitioner, and following its receipt Judge Marcus recused himself out of "an abundance of caution" in order to avoid "an appearance of bias, although not actual bias." (*See* Petition 27 n.1). The case was transferred to Judge Barbara F. Newman, who found Petitioner to be a second violent felony offender and imposed an aggregate term of seventeen years' imprisonment and five years of post-release supervision. (Report 1-2; Petition 27). Petitioner's conviction became final on November 8, 2016,

following the denial of Petitioner's motion to vacate his judgment pursuant to

New York Criminal Procedure Law ("CPL") § 440.10 and to dismiss his

indictment pursuant to CPL § 210.40, as well as the denial of Petitioner's direct

appeal of his conviction to the Appellate Division, First Department.  (Report 2).

*See People* v. *Wilson*, 28 N.Y.S.3d 877 (1st Dep't 2016) (affirming conviction

and sentence); *People* v. *Wilson*, 28 N.Y.3d 939 (2016) (denying leave to appeal).

Sixty-five days later, on January 12, 2017, Petitioner filed a writ of error

*coram nobis* before the First Department, which writ he supplemented on

April 21, 2017.  (Report 2).  The writ and supplement were treated as two

separate *coram nobis* applications, the first of which was denied on May 18,

2017, and the second of which was denied on August 1, 2017.  (*Id.*).  *See*

*People* v. *Wilson*, 2017 N.Y. Slip Op. 74211(U), 2017 WL 2175343 (1st Dep't

May 18, 2017) (denying first *coram nobis* application); *People* v. *Wilson*, 2017

N.Y. Slip Op. 81351(U), 2017 WL 3261637 (1st Dep't Aug. 1, 2017) (denying

second *coram nobis* application).  Petitioner moved for leave to appeal these

denials on August 15, 2017, and August 28, 2017, respectively.  (*Id.*).  Both

motions were denied on October 11, 2017.  (*Id.*).  *See People* v. *Wilson*, 30

N.Y.3d 984 (2017) (table).

Nineteen days later, on October 30, 2017, Petitioner filed a second

motion to vacate his conviction pursuant to CPL § 440.10 (the "October 2017

Motion"), which motion was denied by Judge Marcus on August 31, 2018.

(Report 3; Petition 20-21).[2]  Petitioner moved for leave to appeal this decision on September 12, 2018, which motion was denied by the Appellate Division, First Department on December 6, 2018.  (Report 3).  *See People* v. *Wilson*, 2018 N.Y. Slip Op. 90111(U), 2018 WL 6378867 (1st Dep't Dec. 6, 2018).  On December 18, 2018, Petitioner moved for leave to appeal this denial, which request was denied on February 11, 2019.  (*Id.*).  *See People* v. *Wilson*, 32 N.Y.3d 1211 (2019).  Petitioner's subsequent motion for reconsideration of that denial was itself denied on April 25, 2019.  (Report 3).  *See People* v. *Wilson*, 33 N.Y.3d 982 (2019).[3]

Petitioner, believing that Judge Marcus lacked jurisdiction to decide his October 2017 Motion, drafted a motion under New York Civil Practice Law and Rules ("CPLR") § 5015(a)(3) and (4) to vacate Judge Marcus's decision.  (Petition 153-59).  In his Petition, Petitioner notes that this motion was submitted on August 15, 2017; the Court believes this date to be a scrivener's error, because

---

[2]    In an October 1, 2018 letter, the chambers of Bronx Supreme Court Judge Robert E. Torres acknowledged receipt of Petitioner's September 25, 2018 letter to the court challenging Judge Marcus's jurisdiction to decide the October 2017 Motion.  (Petition 20).  Judge Torres's chambers noted that it would "look into [Petitioner's] concerns but [Petitioner] should be aware that … [t]he fact that [Judge Marcus] may have been involved in the case in the past does not affect the manner in which [a later motion] is handled"; the letter also noted that the substitution of a judge in such circumstances occurs "very rarely" and that Petitioner's concerns did "not fit that criteria."  (*Id.*).

[3]    In his Objections, Petitioner argues that the Report's statement that the October 2017 Motion became "final" on April 25, 2019, is at odds with Respondent's contention that Petitioner's deadline to file under AEDPA was September 2019.  (*See* Objections 2).  The Court offers the following clarification:  In citing to the April 25, 2019 date, the Report was merely noting that the decision on Petitioner's October 2017 Motion became final following the Appellate Division's denial of his motion for reconsideration.  That date, in turn, represents the date on which the tolling period ended, and the statute of limitations period began to run again.  The finality of Petitioner's October 2017 Motion is a separate issue from Petitioner's deadline to file a habeas petition, which deadline Respondent maintains was September 2019.

(i) the motion itself is dated March 11, 2019, and (ii) the motion seeks to vacate Judge Marcus's August 31, 2018 decision, which had yet to occur in 2017. (Petition 153-55, 159; *see also* Report 2-3).[4]  More important, perhaps, than the date of Petitioner's CPLR § 5015 motion is the date of its receipt by the relevant court.  Despite Petitioner's affidavit of service reciting service of the motion on March 11, 2019, on each of Judge Robert E. Torres of the Bronx Supreme Court, the Clerk of Court of the Supreme Court of the State of New York, and the Bronx County District Attorney's Office (Petition 160), Judge Torres's chambers advised Petitioner in a July 31, 2019 letter that the court had never received the motion (*id.* at 6).  In the same letter, the court recommended that Petitioner re-serve the motion if he wished the court to consider it.  (*Id.*).

On the extensive record before this Court, there is no indication that Petitioner ever re-served the Section 5015 motion.  Instead, it was not until August 18, 2020 — 384 days after the July 31, 2019 letter — that Petitioner submitted to the Appellate Division, Third Department, a petition for writ of habeas corpus, which petition was denied on November 12, 2020.  (Report 3). Petitioner then moved for leave to appeal that decision, which motion was denied on March 25, 2021.  (*Id.*).  *See People ex rel. Wilson* v. *M. Rockwood*, 36 N.Y.3d 908 (2021).  Petitioner's request for reconsideration of that denial was denied on September 9, 2021.  (*Id.*).  *See People ex rel. Wilson* v. *M. Rockwood*,

---

[4]     Additionally, the CPLR § 5015 motion was stamped by a notary as of March 11, 2018, but, for the same reasons stated above, the Court believes the year to be a scrivener's error.  (Petition 159).

37 N.Y.3d 1005 (2021).  Petitioner filed one last motion to vacate his conviction under CPL §§ 440.10 and 440.20 on November 18, 2020, which motion was denied by Judge Marcus on September 29, 2021.  (*Id.*; Petition 27-30).  As part of his opinion, Judge Marcus acknowledged his prior recusal, and noted that he had no "actual bias" at any point in the case, and that he had earlier recused himself "in an abundance of caution" that a letter Petitioner sent to him prior to sentencing "might create an appearance of bias."  (Petition 27 n.1). Judge Marcus noted that his prior concern "no longer applied when, six years later," he was assigned Petitioner's October 2017 Motion, and, accordingly, chose not to recuse himself.  (*Id.*).

Petitioner filed the instant Petition with this Court on November 19, 2021.  (Dkt. #1).  Respondent filed its motion to dismiss on March 4, 2022; Petitioner filed his opposition on March 18, 2022; and Respondent replied on May 13, 2022.  (Report 1).  This Court referred the motion to Judge Willis for a Report and Recommendation on March 16, 2022.  (Dkt. #13).  The Report, in which Judge Willis recommended granting the motion, was filed on January 6, 2023.  (Dkt. #20).  Petitioner submitted his Objections to the Report on January 13, 2023 (Dkt. #23, 25), and Respondent filed its response on February 8, 2023 (Dkt. #27).  The Court has reviewed all such papers, and adopts the Report in full.

## DISCUSSION

### A.    The Standard of Review

A court may accept, reject, or modify, in whole or in part, the findings or

recommendations made by a magistrate judge.  *See* 28 U.S.C. § 636(b)(1); Fed.

R. Civ. P. 72(b); *Grassia* v. *Scully*, 892 F.2d 16, 19 (2d Cir. 1989).  A court may

also accept those portions of a report to which no specific, written objection is

made, as long as the factual and legal bases supporting the findings are not

clearly erroneous.  *See Ramirez* v. *United States*, 898 F. Supp. 2d 659, 663

(S.D.N.Y. 2012) (citation omitted); *see generally Benitez* v. *Parmer*, 654 F. App'x

502, 503-04 (2d Cir. 2016) (summary order).  A magistrate judge's decision is

clearly erroneous only if the district court is "'left with the definite and firm

conviction that a mistake has been committed.'"  *Easley* v. *Cromartie*, 532 U.S.

234, 242 (2001) (quoting *United States* v. *U.S. Gypsum Co.*, 333 U.S. 364, 395

(1948)).

When specific objections are made, "[t]he district judge must determine

*de novo* any part of the magistrate judge's disposition that has been properly

objected to."  Fed. R. Civ. P. 72(b)(3); *United States* v. *Male Juvenile*, 121 F.3d

34, 38 (2d Cir. 1997).  "[O]bjections to a Report and Recommendation are to be

specific and are to address only those portions of the proposed findings to

which the party objects."  *Kirk* v. *Burge,* 646 F. Supp. 2d 534, 538 (S.D.N.Y.

2009) (internal quotation marks and citation omitted).  "However, when a party

makes only conclusory or general objections, or simply reiterates his original

arguments, the Court reviews the Report and Recommendation only for clear

error." *Renelique* v. *Doe,* No. 99 Civ. 10425 (LTS) (HBP), 2003 WL 23023771, at *1 (S.D.N.Y. Dec. 29, 2003) (collecting cases); *see also Vega* v. *Artuz*, No. 97 Civ. 3775 (LTS) (JCF), 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) ("[O]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke *de novo* review of the magistrate's recommendations.").

The Court is mindful that a *pro se* party's objections are generally considered under a more lenient standard.  *See Pinkney* v. *Progressive Home Health Srvs.*, No. 06 Civ. 5023 (LTS) (JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (citing *Walker* v. *Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002)); *see also Vasquez* v. *Reynolds,* No. 00 Civ. 0862 (RMB) (KNF), 2002 WL 417183, at *5 (S.D.N.Y. Mar. 18, 2002).  "Nonetheless, to trigger *de novo* review, even a *pro se* party's objections to a report and recommendation must be specific and clearly aimed at particular findings in the magistrate judge's report."  *Jones* v. *Smith*, No. 09 Civ. 6497 (PAE) (GAY), 2012 WL 1592190, at *1 (S.D.N.Y. May 7, 2012) (citing *Molefe* v. *KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).  A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

## B. Analysis

Many of Petitioner's Objections merely rehash arguments previously made in opposition to Respondent's Motion to Dismiss and in the Petition (Dkt.

#1, 15); the Court will review those arguments only for clear error. *See, e.g.,*
*Ortiz* v. *Barkley,* 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).  However, the
Court will undertake a *de novo* review of Petitioner's timeliness objections in an
abundance of caution and in recognition of his *pro se* status. *See generally*
*Quezada* v. *Capra*, No. 13 Civ. 8574 (VSB) (MHD), 2015 WL 2130217, at *1
(S.D.N.Y. May 6, 2015) (citations omitted).[5]

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996
("AEDPA"), 28 U.S.C. § 2244(d)(1)(A), an individual in state custody must
petition for a writ of habeas corpus within one year of the date that the
challenged judgment of conviction became final, or "the date on which [an]
impediment to filing an application created by State action in violation of the
Constitution or laws of the United States is removed, if the applicant was
prevented from filing by such State action." *Id.* § 2244(d)(1)(B).  This period is
tolled, however, by the pendency of a "properly filed application for State post-
conviction or other collateral review[.]" *Id.* § 2244(d)(2).  This period may also
be subject to equitable tolling in cases where a petitioner "shows ([i]) that he
has been pursuing his rights diligently, and ([ii]) that some extraordinary
circumstance stood in his way and prevented timely filing." *Holland* v. *Florida*,
560 U.S. 631, 649 (2010) (internal quotation marks omitted).  Equitable tolling,

---

[5]    The Court notes for Petitioner's edification that any reference in the Report to him as
"Respondent" — to the extent such reference exists — was not "cunning[,]" but proper,
given that Respondent in this matter also served as the movant to dismiss the Petition
as time-barred.  (*See* Objections 2).  Put somewhat differently, Petitioner remained the
petitioner with respect to his habeas petition, but became a "respondent" with respect
to the motion to dismiss.

however, "applies only in the rare and exceptional circumstance." *Smith* v. *McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (internal quotation marks omitted and alteration adopted).

Here, there is no dispute that Petitioner's conviction became final — and, accordingly, the statute of limitations began to run — on November 8, 2016. While Petitioner may be correct that most, if not all, of his motions for post-conviction relief tolled the limitations period, the periods of inactivity between those motions — each of which counts toward the limitations period — exceed one year when aggregated.

The first of these periods took place between November 8, 2016, and Petitioner's first *coram nobis* application on January 12, 2017, and amounted to sixty-five days. The second occurred between the October 11, 2017 denial of Petitioner's application for leave to appeal the denials of Petitioner's *coram nobis* applications, and the October 30, 2017 filing of Petitioner's motion to vacate his conviction, and amounted to nineteen days. Petitioner contends that the statute of limitations has remained tolled since the filing of his October 2017 Motion because Judge Marcus lacked jurisdiction to decide it. (Objections 2-4). Although this argument was previously advanced before Judge Willis and the Court finds no error in her analysis, the Court will consider this issue *de novo* for the reasons stated above.

Petitioner avers that he filed a motion under CPLR § 5015 to vacate Judge Marcus's August 2018 decision, and the copy of the motion that he submitted with his Petition is dated March 11, 2019. Accepting both the fact

and the approximate date of the motion's submission, it remains the case that Petitioner was alerted in no uncertain terms on July 31, 2019, that his motion had never been received by the Bronx Supreme Court. (Petition 6). Indeed, Petitioner was expressly directed to re-serve the motion if he continued to seek relief on that basis. (*Id.*). Petitioner did not re-serve the motion, and in fact did not file anything until August 18, 2020 — 384 days after the July 31, 2019 letter — at which time he filed a petition for writ of habeas corpus with the Appellate Division, Third Department. (*Id.* at 251-61). Accordingly, even if the Court were to give Petitioner the benefit of tolling the time period between the filing of the October 2017 Motion and the issuance of the July 31, 2019 letter informing him that his CPLR § 5015 motion had never been received, Petitioner is still far beyond the year-long statute of limitations. *See Bennett* v. *Artuz,* 199 F.3d 116, 120 (2d Cir. 1999) ("[A] state-court petition [for post-conviction or other collateral review] is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures.").[6]  "Once the limitations period is expired," as it did after

---

[6]     While resolution of the issue is not necessary to its adoption of the Report, the Court observes that there is merit in Respondent's contention that CPLR § 5015 is not a proper basis to challenge the denial of a motion under CPL § 440.10, and, by extension, not a basis for tolling under AEDPA. *See, e.g.*, *People* v. *Lamont*, 40 N.Y.S.3d 796, 797 (3d Dep't 2016) ("It is axiomatic that the CPLR governs in civil proceedings, and the CPL governs in criminal actions. Defendant's May 2014 motion was made pursuant to CPLR 2221 and 5015, and he has provided no authority allowing application of those provisions in this criminal action." (internal citations omitted)); *People* v. *Stacchini*, 969 N.Y.S.2d 218, 221 n.1 (3d Dep't 2013) ("We find no authority allowing application of [CPLR § 5015] in this criminal action" involving denial of a motion under CPL § 440.10.). Indeed, had Petitioner truly thought his jurisdictional argument could have been resolved through his CPLR § 5015 motion, he would have re-served the motion. Petitioner's later petition for state habeas relief, his successive motion to vacate pursuant to CPL § 440.10, and the instant petition for federal habeas relief suggest that he recognized the inutility of CPLR § 5015.

Petitioner elected not to re-serve his Section 5015 motion, "collateral petitions can no longer serve to avoid a statute of limitations." *Rashid* v. *Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998).

As noted above, Petitioner's remaining objections fail to address any legal rule, analysis, or characterization of material facts in the Report, and fail to raise any argument not previously raised before Judge Willis.[7]  This Court has reviewed those arguments, and the remainder of the Report, for clear error and has found no such error.  To the contrary, the Court finds that the Report's reasoning is sound and that it is grounded in fact and law.

## CONCLUSION[8]

The Court agrees with Judge Willis's well-reasoned Report and hereby adopts its reasoning by reference.  Accordingly, it is ordered that Respondent's motion is GRANTED and that the Petition is DISMISSED with prejudice.  The Clerk of Court is directed to terminate all pending motions, adjourn all

---

[7]     For example, Petitioner objects to the Report's suggestions that Petitioner's initial CPL § 440.10 motion was denied in its entirety, and was denied in August 2014 instead of March or May of that year.  (Objections 1).  As a preliminary matter, Respondent notes that Petitioner's assumption was based on a clerical error in the state court tracking system — of which error Petitioner was made aware in November 2017.  (Motion to Dismiss 7).  Irrespective of the date or outcome, however, this fact has no bearing on the ultimate issue here, as Petitioner's conviction was not considered final until November 2016.  So too with Petitioner's objection to the Report's characterization of his October 2017 Motion as a habeas petition on page 5, because (i) such characterization was immaterial to the outcome of the decision and (ii) the Report properly characterizes the October 2017 Motion as a motion to vacate on page 3.  (*See* Objections 2).

[8]     Though recognizing that its decision was not what Petitioner sought, the Court commends Petitioner for his continued attention to his case and for the diligence with which he has investigated and pursued the various legal options available to him.

remaining dates, and close this case.  The Clerk of Court is further directed to mail a copy of this Opinion and Order to Petitioner at his address of record.

Since Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  *See* 28 U.S.C. § 2253(c).  Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Opinion and Order would not be taken in good faith; therefore *in forma pauperis* status is denied for the purpose of any appeal.  *Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:      February 16, 2023
            New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

13

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
JEFFREY WILSON,

                                    Plaintiff,                   **Report & Recommendation**

            -against-                            **21-CV-9619 (KPF) (JW)**

JOHN/JANE DOE,

                                  Defendant.
-----------------------------------------------------------------X
**To the Honorable Katherine Polk Failla, District Judge:**

On November 19, 2021, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1 ("Petition"). On March 4, 2022, Respondent filed a Motion to Dismiss on the grounds that the Petition is time-barred. Dkt. No. 12 ("Motion" or "Mot."). Included with the Motion was a Declaration in Support of Respondent's Motion to Dismiss ("Declaration" or "Decl."). Petitioner filed his Opposition to the Motion to Dismiss on March 18, 2022 ("Opposition" or "Opp."). Respondent filed their Reply Affidavit on May 13, 2022 ("Reply"). The Motion was referred to Judge Willis for a Report and Recommendation on March 16, 2022. Dkt. No. 13. This Report follows.

## BACKGROUND

On August 1, 2012, Petitioner was convicted of Robbery in the First Degree as well as Assault in the First Degree. See Petition at 27. Petitioner's trial was presided over by Judge Marcus of the Supreme Court, Bronx County. Id. Shortly thereafter, Judge Marcus recused himself from presiding over Petitioner's sentencing, which was then handled by Judge Newman of the Supreme Court, Bronx County. Id. Petitioner

was subsequently sentenced to a term of imprisonment of seventeen years, and five years of post-release supervision. Id. Subsequently, Petitioner filed several motions to vacate his judgment under various legal theories:

- On November 19, 2013, Petitioner moved to vacate his judgment pursuant to New York Criminal Procedure Law ("CPL") § 440.10 and for dismissal of the indictment pursuant to CPL § 210.40. Petition at 33. On August 7, 2014, the motion was denied. Decl. at ¶ 7. On May 5, 2015, the Appellate Division, First Department denied Petitioner's application for leave to appeal. People v. Wilson, 2015 Slip Op. 72160(U) (1st Dept. May 5, 2015).

- Petitioner directly appealed his conviction and on April 28, 2016, the Appellate Division, First Department denied this appeal. People v. Wilson, 138 A.D. 637, 637 (1st Dept. 2016). On August 10, 2016, the Court of Appeals denied Petitioner's application for leave to appeal the Appellate Division, First Department's affirmance. People v. Wilson, 28 N.Y.3d 939, 939 (2016). Petitioner's conviction then became final on November 8, 2016. Decl. at ¶ 11.

- On January 12, 2017, Petitioner filed a writ of error coram nobis with the Appellate Division, First Department alleging ineffective assistance of his appellate counsel. Petition at 82. On May 18, 2017, the Appellate Division, First Department denied this application. People v. Wilson, 2017 NY Slip Op. 74211(U) (May 18, 2017); see also Petition at 126.

- On April 21, 2017, Petitioner supplemented his coram nobis application, Petition at 107; as these papers were received after the May 18, 2017 decision was handed down, the Appellate Division, First Department converted these papers into a second coram nobis application. On August 1, 2017, this application was denied. People v. Wilson, 2017 NY Slip Op. 81351(U) (1st Dept. Aug. 1, 2017); see also Petition at 127. On August 15 and 28, 2017, Petitioner moved for leave to appeal these denials. Petition at 115; 124. On October 11, 2017, the Court of Appeals denied Petitioner's applications for leave to appeal both of the Appellate Division's denials of the coram nobis writs. People v. Wilson, 30 N.Y.3d 984, 984 (2017); People v. Wilson, 30 N.Y.3d 984, 984 (2017).

- Petitioner alleges that on August 15, 2017, he filed a motion pursuant to New York Civil Practice Law and Rules ("CPLR") § 5015 that was received by the Bronx County Court, but never filed. Petition at 153. Petitioner submitted a copy of the report that was sworn before a notary on March 11,

2018, but is dated March 11, 2019.  Petition at 159.  The affidavit of service bears the same two dates.  Petition at 160.

- On October 30, 2017, Petitioner moved to vacate his judgment of conviction pursuant to CPL § 440.10 in Supreme Court, Bronx County.  Petition at 130.  This motion was entered as received by the Court on May 23, 2018.  Petition at 19.  On August 31, 2018, this motion was denied.  Petition at 21.  On September 12, 2018, Petitioner moved for leave to appeal the decision of the Supreme Court.  Petition at 140.  On December 6, 2018, the Appellate Division, First Department denied Petitioner's application for leave to appeal the denial of this second CPL § 440.10 motion.  People v. Wilson, 2018 NY Slip Op. 90111(U) (Dec. 6, 2018). On December 18, 2018, Petitioner filed for leave to appeal the Appellate Division's denial.  Petition at 148.  Leave to appeal was denied on February 11, 2019.  People v. Wilson, 32 N.Y.3d 1211 (2019).  Reconsideration of the denial was denied on April 25, 2019.  People v. Wilson, 33 N.Y.3d 982 (2019).

- On or about August 18, 2020, Petitioner submitted to the Appellate Division, Third Department a petition for writ of habeas corpus.  On November 12, 2020, this petition was denied.  Decision and Order on Motion, People etc. ex rel. Jeffrey Wilson v. M. Rockwood, etc. (3d Dept. Nov. 12, 2020) (Decl. at Ex. 12).  On December 7, 2020, Petitioner filed for leave to appeal the Appellate Division's denial.  Petition at 242.  On March 25, 2021, Petitioner's application for leave to appeal the Appellate Division, Third Department's was denied.  People etc. ex rel. Jeffrey Wilson v. M. Rockwood, etc., 36 N.Y.3d 908, 908 (2021); Petition at 275.  On March 31, 2021, Petitioner requested reconsideration of that denial.  Petition at 270.  On September 9, 2021, reconsideration of that decision was denied.  People etc. ex rel. Wilson v. M. Rockwood etc., 37 N.Y.3d 1005, 1005 (2021).

- On November 18, 2020, Petitioner filed in Supreme Court, Bronx County, seeking to vacate his judgment of conviction pursuant to CPL § 440.10.  Petition at 28.  On September 29, 2021, this third motion pursuant to CPL § 440.10 was denied.  Id.  On February 28, 2022, Notice of Entry was served.  Decl. at ¶ 23.

On November 19, 2021, Petitioner filed this Petition in the Southern District of New York.

3

## LEGAL STANDARD

Motions to dismiss a habeas petition are subject to the same standards as any civil matter faced with a Rule 12(b)(6) motion to dismiss.  See Purdy v. Bennett, 214 F. Supp. 2d 348, 352-53 (S.D.N.Y. 2002).  Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of an action for "failure to state a claim upon which relief can be granted."  To survive a motion to dismiss under FRCP 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  When determining a motion pursuant to Rule 12(b)(6), all facts alleged in the complaint are assumed to be true, and all reasonable inferences are drawn in the plaintiff's favor.  See Interpharm, Inc. v. Wells Fargo Bank, Nat'l Ass'n, 655 F.3d 136, 141 (2d Cir. 2011).  However, the Court is "not required to credit conclusory allegations or legal conclusions couched as factual… allegations."  Inspired Capital, LLC v. Condé Nast, 803 Fed. App'x 436, 439 (2d Cir. 2020) (quoting Nielsen v. Rabin, 746 F.3d 58, 62 (2d Cir. 2014).  "It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they *suggest*."  Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (quotations omitted).

The Petition is subject to the statute of limitations established under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d). AEDPA states as follows that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

4

judgment of a State court." 28 U.S.C. § 2244(d)(1). The statute further defines from when the limitation period runs as the latest of:

(A) "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) "the date on which the factual predicate of the claim of claims presented could have been discovered through the exercise of due diligence."

28 U.S.C. §§ 2244(d)(1)(A)-(D). This statute of limitations is tolled during the adjudication of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment." 28 U.S.C. § 2244(d)(2).

### DISCUSSION

Facially, the petition is time-barred. Each of Petitioner's successive habeas actions tolled the limitations period. See, e.g., Collins v. Ercole, 667 F.3d 247, 250 (2d Cir. 2012) (noting that applications under CPL § 440.10 toll the AEDPA limitations period). However, the periods of time between those petitions, which count towards the limitations period, exceed one year. For example, the denial of Petitioner's October 2017 petition became final on April 25, 2019. His next petition was filed on August 18, 2020. That period alone exceeds one year. The other gaps

between Petitioner's motions only add to the time that elapsed, even assuming that every one of Petitioner's motions tolled the limitations period.

Petitioner alleges that there existed an impediment to him filing an application in violation of the Constitution. Namely, Petitioner alleges that "the Bronx County Clerk Office has continually created an impediment in accessing the court via failure to file and timely file *pro se* motions." Petition at ¶ 3. The sole specific instance Petitioner points to concerns his motion of November 1, 2017, which was not filed until May of 2018. Id. at 8. However, this does not change the calculation of the tolling period. Even if the Court considers that action tolled from November 1, 2017, which would have been the start date for that action had there been no impediment, the one-year statute of limitations has still been reached and exceeded. While Petitioner alleges that this was a persistent problem, and a *pro se* petition is read as raising the strongest argument suggested, this Court cannot assume that the same delays occurred on every occasion without particularized allegations and facts.

Petitioner also raises concerns about the judge who presided over several of his post-conviction petitions in the state court, arguing that because he had recused himself from Petitioner's sentencing, he lacked the proper authority to preside over those later proceedings. Petition at ¶ 12. The explanation provided in Justice Marcus decision satisfies this Court. See Petition at 27, fn. 1 ("I had recused myself from the defendant's sentencing in an abundance of caution that a letter the defendant had sent to me before the scheduled date for sentence might create an appearance of bias, although not actual bias. That concern no longer applied when, six years later, I was

6

assigned the defendant's second motion, and so I did not again recuse myself."); see

also People v. Alomar, 93 N.Y.2d 239, 246 (1999) ("Recusal, as a matter of due process,

is required only where there exists a direct, personal, substantial or pecuniary

interest in reaching a particular conclusion.").   Judges have broad discretion

regarding recusal in the absence of a business interest or consanguinity.   See, e.g.,

Shields v. Carbone, 99 A.D.3d 1100, 1102 (3d Dept. 2012) ("Absent legal

disqualification…a judge may determine for himself or herself whether recusal is

warranted, and a decision in that regard will only be overturned if there [were] an

abuse of discretion."); Matter of Yonkers Firefighters, Local 628, Intl. Assn. of

Firefighters, AFL-CIO v. City of Yonkers, 175 A.D.3d 695, 696-97 (2d Dept. 2019)

("Absent legal disqualification…the determination concerning a motion seeking

recusal based on alleged impropriety, bias, or prejudice is within the discretion and

the personal conscience of the court." (internal quotations omitted).

Finally, Petitioner states that equitable tolling of the limitations period is

appropriate.   Petition at ¶ 4.   Petitioner cites to Holland v. Florida, 560 U.S. 631

(2010) in support of his argument.   Petitioner is correct that Holland establishes that

AEDPA's timeliness provision is subject to equitable tolling. Id. at 634.   However,

Holland also notes that "garden variety" neglect is not subject to equitable tolling. Id.

at 651 (citing Irwin v. Dep't of Veteran Affairs, 498 U.S. 89, 96 (1990) (noting that

"Federal courts have typically extended equitable relief only sparingly).   Examples of

situations warranting equitable tolling include "where the claimant has actively

pursued his judicial remedies by filing a defective pleading during the statutory

period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing a filing deadline to pass." Irwin, 498 U.S. at 96. Here, Petitioner simply failed to file a Federal habeas petition within the limitation period. As such, equitable tolling is not appropriate in this case.

**RECOMMENDATION**

I recommend that the motion to dismiss be GRANTED, as the Petition is not timely under 28 U.S.C. § 2244(d).

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections shall be filed with the Clerk of Court and on ECF. Any requests for an extension of time for filing objections must be directed to Judge Failla. **Failure to file objections within fourteen days will result in a waiver of objections and will preclude appellate review**. See Thomas v. Arn, 474 U.S. 140 (1985); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).

SO ORDERED.

DATED:     New York, New York
                January 6, 2023

                                                    _Jennifer E. Willis_
                                                    JENNIFER E. WILLIS
                                                    United States Magistrate Judge